UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIGITAL SIN, INC.<br>21345 Lassen St.<br>Chatsworth, CA 91311<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOES 1 – 176<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action 1:12-cv-00126-AJN

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 1 3 2012

### PLAINTIFF'S APPLICATION PURSUANT TO RULE 4(m) FOR ENLARGEMENT OF TIME TO SERVE DEFENDANTS, AS WELL AS STATUS REPORT

Plaintiff filed a Complaint against John Does who have traded the same identical file of Plaintiff's copyrighted work without authorization through a file-swapping network ("Peer-to-Peer" or "P2P" network). All John Does listed in the Complaint have traded the exact same file, as identified by the *hash mark* of the file. All John Does are State residents.

Plaintiff has received some of the identities of the John Does at issue, but moves this Court for an order enlarging the time for Plaintiff to serve defendants with summons because of the difficulties and time delays in obtaining the names and addresses of the defendants within 120 days of filing the complaint, as required by Rule 4(m) of the Federal Rules of Civil Procedure.

Plaintiff is requesting a 120 day extension because (a) the process of obtaining the John Doe information from the ISPs has been slow; (b) more information is expected from the ISPs; and (c) Plaintiff needs time to review the information once it is received from the ISPs whether

the John Doe is properly part of this case. Plaintiff's counsel does review each case where a John Doe responds and presents a defense.

The current status of the case is:

(i) The Court granted Plaintiff's motion to discover the John Doe identities and pertaining data on January 30, 2012;

(ii) Plaintiff promptly served the subpoenas upon the Internet Service Providers (ISPs);

(iii) Plaintiff's counsel granted extensions to the ISPs because the ISPs could not comply in a timely manner. An attorney in this type of copyright claim against unknown John Does must negotiate an agreement with each ISP as to the number of electronic records to be researched and preserved each month, and the compensation to be paid to the ISPs for their research;

(iv) ISPs have limited resources for researching such records, and generally first respond to requests from law enforcement authorities. Furthermore, the ISPs are unable to immediately notify the John Does because they must first research the records. Once the records are identified and the ISP notifies the John Does, the John Does have an opportunity to file a Motion to Quash. Therefore, such discovery is a slow process;

(v) Plaintiff needs time to review the information once it is received from the ISPs to determine whether the John Doe is properly part of this case. Plaintiff's counsel also reviews each case where a John Doe responds and presents a defense.

(vi) Plaintiff does not know how many of the John Does have been notified by their respective Internet Service Providers (ISPs) at this point, because the ISPs do not provide such information;

(vii)   Plaintiff has received identifying information for 6 John Does, eliminated 0 as duplicates or erroneous, and notified 6 John Does of this lawsuit;

(viii)  Up to 170 identities and pertaining data may still be received with the ISPs' next batches of subpoena responses;

(ix)    One Motion to Quash has been received so far, to which Plaintiff replied. That Motion to Quash may have been filed by an interloper who is unrelated to this case. The John Doe in that case does not identify his Doe Number or IP address, and the Motion is based on a frequently used template. It happens frequently in this type of copyright case that unrelated persons submit Motions to Quash or other writings ("torpedoes") to disrupt the proceedings;

(x)     Plaintiff is submitting the present Application to extend time to serve John Does and a Status Report. Plaintiff is requesting a 120 day extension of time [pending].

## AN EXTENSION OF TIME SHOULD BE GRANTED UNDER RULE 4(m)

With respect to Rule 4(m), it states in pertinent part,

> "If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Plaintiff has shown good cause. Plaintiff's counsel served the subpoenas within days of the approval of the initial discovery motion, and expeditiously negotiated agreements with the respective ISPs. Also, Plaintiff notes that the defendants are not prejudiced by Plaintiff being allowed time to discover his or her identity and then make service.

## CONCLUSION

In view of the foregoing, Plaintiff requests that the Court enlarge the time for Plaintiff to serve defendants by an additional 120 days.

In light of the controversies surrounding certain pending copyright cases, Counsel for Plaintiff would like to note:

(a) Plaintiff does not object to allowing defendants to litigate the matter anonymously for any pre-answer motions, such as Motions to Quash;

(b) Plaintiff's counsel never initiates contact with John Does by telephone;

(c) Plaintiff's counsel personally answers the phone calls and emails from John Does and their legal counsel;

(d) Plaintiff's counsel understands the John Does' needs for privacy, and thus does not require John Does wishing to resolve the matter to disclose their identity;

(e) All dismissals of John Does are not by name, but only by Doe Number and IP address;

(f) Plaintiff's counsel is not related to any law firms that may have represented Plaintiff elsewhere or in the past. *In fact, Plaintiff's counsel is not related to, or working through, any other law firm* in these matters;

(g) The underlying tracking data in this case was produced by a U.S.-based software company, Copyright Enforcement Group (CEG), as explained in detail in the Technology Declaration submitted with the Complaint; and

(h) The data only (i) includes trades of the identical file of the motion (as identified by the *hash mark*) and is limited in (ii) geographic range and (iii) time period of file trading, as much as technologically possible.

Respectfully submitted this 8th day of April, 2012.

[handwritten margin note: "So Ordered. AJN"]

SO ORDERED: April 11, 2012

HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

4

FOR THE PLAINTIFF:

By: __/s/ Mike Meier__
Mike Meier (NY9295)
The Copyright Law Group, PLLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Phone: (888) 407-6770
Fax: (703) 546-4990
Email:
mike.meier.esq@copyrightdefenselawyer.com
ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on 8 April 2012, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system.

By:   /s/ Mike Meier
       Mike Meier (NY9295)
       The Copyright Law Group, PLLC
       4000 Legato Road, Suite 1100
       Fairfax, VA 22033
       Phone: (888) 407-6770
       Fax: (703) 546-4990
       Email:
       mike.meier.esq@copyrightdefenselawyer.com

       ATTORNEY FOR PLAINTIFF