UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIGITAL SIN, INC. )<br>21345 Lassen St. )<br>Chatsworth, CA 91311 )<br>  )<br>    Plaintiff, )<br>  )<br>    v. )<br>  )<br>DOES 1 – 176 )<br>  )<br>    Defendants. ) | Civil Action 1:12-cv-00126-AJN |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF THE MOTION TO QUASH SUBMITTED BY JOHN DOE 157**
**[Document 13]**

Plaintiff filed a Complaint against John Does who traded the *identical file* of Plaintiff's copyrighted work without authorization through a file-swapping network ("Peer-to-Peer" or "P2P" network). All John Does reside in New York.

John Doe 157 filed a Motion to Quash the Subpoena. He claims that: (1) he has an open wireless set-up; (2) he receives visitors who may have used his internet connection and thus committed the alleged download; and (3) that "bit torrent clients [are] getting hits from other instances of bit torrent clients," suggesting that the BitTorrent technology may have mistakenly shown him as the downloader of the motion picture.

John Doe 157's Motion should be denied because he presents potential defenses that are not relevant at this stage of the proceedings.

**I. <u>John Doe Lacks Standing to Challenge the Subpoena</u>**

A party to a lawsuit lacks standing to object to a subpoena served on a non-party, unless the party objects to the subpoena on the grounds of privilege, proprietary interest or privacy interest in the subpoenaed matter. *See Fed.R.Civ.P. 45*(c)(3)(B). *See Armor Screen Corp. v. Storm Catcher, Inc.*, 2008 WL 5049277, at *2 (S.D. Fla. Nov. 25, 2008). Internet subscribers do not have a proprietary interest or an expectation of privacy in their subscriber information because they have already conveyed such information to their Internet Service Providers (ISPs). *See Guest v. Leis,* 255 F. 3d 325 (6th Cir. 2001); *United States v. Simons,* 206 F.3d 392 (4th Cir., 2000). The Doe Defendants exposed their IP addresses to the public by sharing the Motion Picture at issue. The torrent software exposes the IP address of the infringer, as explained in the Complaint and the original *Declaration of Jon Nicolini*.

The only information sought through the Subpoena at issue is the Doe defendants' names, addresses, e-mail addresses and Media Access Control (MAC) numbers. "[A]n individual has no protected privacy interest in their name, address, phone number, e-mail address, or Media Access Control address when there is an allegation of copyright infringement." *First Time Videos*, 2011 WL 4079177, at *1 (S.D. Ind. Sept. 13, 2011). Thus, whatever privacy interest the Doe Defendant may have in his contact information is overcome by Plaintiff's need to identify and pursue litigation against the purported infringer. *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8-9 (D.D.C. 2008); *Liberty Media Holdings*, 2011 WL 5161453, at *7 (D. Mass. Oct 31, 2011).

The John Doe has failed to show any sufficient privacy interest that would confer standing upon him to challenge the Subpoena.

**II. This Court Should Not Quash the Subpoena**

The unknown John Doe then argues that the subpoena must be quashed because he has an open wireless, he receives visitors who may have downloaded the movie, and the bit torrent technology may have caused an error. John Doe 157 seems to admit that he uses BitTorrent on his computer.

The arguments that John Doe presents are a matter for review during discovery. At this stage, Plaintiff is only seeking additional information from the ISP. In some cases, Plaintiff discards the information received from the ISP because it turns out to be clearly erroneous, or the ISP cannot verify information about the John Doe.

Also, Defendant should know that one can call Plaintiff's counsel to review a possible defense, and Plaintiff's counsel will actually review the matter.

Plaintiff notes that it has not requested the telephone numbers of John Does, and does not object to John Does filing motions anonymously.

Plaintiff's counsel does respect the John Does' privacy: John Does can communicate anonymously with Plaintiff's counsel; Plaintiff's counsel does review the matter in individual cases and all dismissals are by IP address and Doe number only.

In addition, the First Amendment interests of the Doe Defendants are minimal in cases of this kind.  As other federal courts have found, individuals who use the Internet to download or distribute copyrighted works are engaged in only a limited exercise of speech and he First Amendment does not necessarily protect such persons' identities from disclosure. *See Call of the Wild Movie, LLC.*, 770 F. Supp. 2d at 349-54 ; *see also London-Sire Records, Inc.*, 542 F. Supp. 2d at 179 ("the alleged infringers have only a thin First Amendment protection"). Determining whether a litigant may proceed anonymously requires balancing the "litigant's

3

substantial right to privacy" with the "constitutionally embedded presumption of openness in judicial proceedings." *Liberty Media Holdings*, 2011 WL 5161453, at *6 (citations omitted). "[C]ircumstances such as economic harm or mere embarrassment will not suffice to overcome the public's interest in disclosure." *See id.*

Furthermore, it must be noted that an internet file-sharer's First Amendment right to anonymity is exceedingly small and the owner's need for information subpoenaed outweighs Doe Defendant's minimal First Amendment rights to anonymous speech. *See Call of the Wild Movie, LLC*, 770 F. Supp. 2d at 349. Plaintiff's Subpoena seeks only identifying information necessary to proceed with litigation. Upon balancing the Doe Defendant's First Amendment rights to anonymity and Plaintiff's need for the identifying information, the Court should find that the Plaintiff's need overrides the Defendant's right to use BitTorrent anonymously.

Therefore, the Subpoena should not be quashed.

### III. CONCLUSION

Based on the above-stated reasons, Plaintiff respectfully requests this Court to deny the Motion submitted by John Doe 157. Plaintiff does not object to the John Doe proceeding anonymously.

Respectfully submitted this 3rd day of May, 2012.

By:   /s/ Mike Meier
Mike Meier (NY Bar ID NY9295)
The Copyright Law Group, PLLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Phone: (888) 407-6770
Fax: (703) 546-4990
Email:
mike.meier.esq@copyrightdefenselawyer.com

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on 3 May 2012, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system.

        By:    /s/ Mike Meier
                Mike Meier (NY Bar ID NY9295)
                The Copyright Law Group, PLLC
                4000 Legato Road, Suite 1100
                Fairfax, VA 22033
                Phone: (888) 407-6770
                Fax: (703) 546-4990
                Email:
                mike.meier.esq@copyrightdefenselawyer.com

                ATTORNEY FOR PLAINTIFF